THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00808-BNB

OSCAR HERRERA,

Applicant,

v.

KEVIN MILYARD,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Oscar Herrera, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Herrera has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging an immigration detainer filed against him by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE). On May 5, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Herrera to show cause within thirty days why the application should not be denied. On June 1, 2009, Mr. Herrera filed a response to the order to show cause.

The Court must construe liberally the application and the response to the show-cause order because Mr. Herrera is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and this action dismissed.

Mr. Herrera seeks removal of an immigration detainer that has been filed against him by the ICE. He asserts that the ICE plans to deport him, apparently at the conclusion of his state prison sentence. Mr. Herrera further asserts that he is a permanent resident alien of the United States and that he should not be subject to deportation. He is not challenging the validity of his conviction or the execution of his sentence in the instant action. Instead, he alleges that he is challenging the validity of his conviction and execution of his sentence through a direct appeal in the Colorado Court of Appeals. He acknowledges that he currently is in DOC custody serving his state sentence.

Pursuant to 28 U.S.C. § 2241(c), Mr. Herrera must be in custody for the purposes of the ICE detainer in order to challenge the detainer. Although there is no question that Mr. Herrera is in custody, he is not in ICE custody. Mr. Herrera does not assert, or provide any evidence, that immigration officials have taken any action with respect to his immigration status other than to issue a detainer, nor does he provide any evidence that a final order of deportation has been issued. A detainer only indicates that the ICE is going to make a decision about the deportability of an alien in the future. The fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement. *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994). Because Mr. Herrera has failed to demonstrate that he is in ICE custody, the instant action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 23 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00808-BNB

Oscar Herrera
Prisoner No. 122210
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk